# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

———

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Kyle F. Monaghan - Associate
Direct E-Mail Address: kyle@mllaborlaw.com
Direct Dial: (516) 303-1361

October 6, 2023

**VIA ECF**
Honorable Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722
Courtroom 920

      Re:    **Bullion Shark, LLC v. Flip a Coin Bullion LLC, et al**
                 **Case No.: 2:23-cv-06529 (JMA)(ARL)**

Dear Judge Azrack:

      This firm represents Plaintiff, Bullion Shark, LLC ("Plaintiff" or "Bullion Shark"), in the above referenced matter. Plaintiff hereby submits its response to the Defendants' request for an extension of time to respond to the Complaint. See ECF Dkt. Entry 9. Plaintiff does not object to Defendants' request for the extension of time, but the corporate defendant, Flip a Coin Bullion LLC should be directed to appear through counsel when it submits its response to the Complaint.

      It is respectfully submitted that it is improper for Defendant Flip a Coin Bullion LLC to appear without counsel. See Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55...") (internal citations omitted); see also Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) ("[W]e have long required corporations to appear through a special agent, the licensed attorney"). This requirement extends to limited liability companies. See Lattanzio v. COMTA, 481 F.3d 137 (2d Cir. 2007) (recognizing the rule that a limited liability company must appear in federal court only through a licensed attorney).

      This Court should therefore Order Defendant Flip a Coin Bullion LLC to appear by counsel and caution that failure to comply with this Order will result in entering a default against it.  A corporate defendant's failure to comply with a court order to retain counsel is an appropriate basis for striking that defendant's answer and entering default. See Inga v. Nesama Food Corp., No. 20-

CIV.-909 (ALC), 2021 WL 3624666, at *3 (S.D.N.Y. July 30, 2021), <u>report and recommendation adopted</u>, No. 20-CIV.-909 (SLC), 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021) (citing <u>Arch Ins. Co. v. Sky Materials Corp.</u>, No. 17-CIV.-2829 (CBA) (LB), 2021 WL 966110, at *3 - 4 (E.D.N.Y. Jan. 29, 2021) (collecting cases in which courts struck defendants' answers for failure to comply with orders to retain and appear through counsel).

      Plaintiff thanks this Court for its time and attention to this matter.

                                                           Respectfully,

                                                            /s/
                                                      Kyle F. Monaghan, Esq.

Cc: Defendants – via first class mail